UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| MELISSA STAMPF, | CV-07-3349 |
| | (Judge Fuerstein) |
| Plaintiff, | |
| | **AMENDED** |
| -against- | **COMPLAINT** |
| | |
| THE LONG ISLAND RAILROAD COMPANY, | PLAINTIFF DEMANDS |
| METROPOLITAN TRANSPORTATION AUTHORITY, | TRIAL BY JURY |
| JAMES SOKIRA (Tax Registry No.: 086659, MTAPD Shield | |
| No.: 2465) and ANGELA TRIGG, | |
| | |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff, by PHILIP J. DINHOFER, her attorney complaining of the defendants, respectfully shows to the Court and alleges:

## JURISDICTION

a.  The jurisdiction of this Court is predicated upon the Federal Employers' Liability Act (45 U.S.C. Sec. 51, et seq.)(hereinafter the "FELA").

b.  The jurisdiction of this Court is also predicated upon the Constitution of the United States and the Civil Rights Act, Title 42, of the United States Code, Section 1983.

c.  Moreover, the supplemental jurisdiction of this Court over the pendent state claims asserted herein is predicated upon diversity of citizenship, 42 U.S.C. §1332, inasmuch as the plaintiff is a citizen of the State of Pennsylvania, all defendants are citizens of the State of New York and the amount in controversy exceeds $75,000.00.

## NOTICE OF CLAIM

d.  On or about June 7, 2007, the plaintiff, MELISSA STAMPF, did cause to be presented to the LONG ISLAND RAILROAD a demand or claim in writing.

e. On or about August 13, 2007, plaintiff caused a notice of claim in writing, sworn to by claimant, to be served upon the defendant, METROPOLITAN TRANSPORTATION AUTHORITY.

f. That more than thirty (30) days have passed since claim or demand was made upon the LONG ISLAND RAILROAD, and the defendants have failed, neglected, and refused to pay said claim or make adjustment of the same.

g. That more than thirty (30) days have passed since a notice of claim was served upon the METROPOLITAN TRANSPORTATION AUTHORITY, and the defendants have failed, neglected, and refused to pay said claim or make adjustment of the same.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE LIRR

1. The action herein arise under the Federal Employers' Liability Act, Title 45 U.S.C., Section 51, et seq., as hereinafter more fully appears.

2. Upon information and belief and at all times herein mentioned, the defendant, THE LONG ISLAND RAILROAD (hereinafter the "LIRR"), was a public benefit corporation, a wholly owned subsidiary of the defendant, METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter the "MTA"), duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief and at all times herein mentioned, the defendant LIRR had been and still is doing business in the County of New York, State of New York, within the jurisdiction of this Court.

4. At all times herein mentioned, the defendant LIRR was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

5. That on or about July 9, 2006 and at all times hereinafter mentioned the defendant employed the plaintiff, MELISSA STAMPF, as an Engineer under its direction, supervision and control and in furtherance of its business in interstate commerce.

6. That on or about July 10, 2006, and for extended periods of time prior and subsequent thereto and at all times hereinafter mentioned, while the plaintiff, as an employee of the defendant, was in the performance of her duties as an Engineer she was subjected to continuous and ongoing forms of sexual harassment, harassment, verbal abuse, false allegations of sexual harassment and/or sexual assault, a hostile work environment, inappropriate disciplinary charges and wrongful criminal charges initiated by a co-employees ANGELA TRIGG, and JAMES SOKIRA, amongst others, that caused plaintiff to suffer pain, humiliation, lasting embarrassment, anxiety, sleep deprivation, and emotional and mental anguish resulting in severe psychological injuries and other economic losses inclusive of loss of earning and attorneys fees incurred in the defense of the aforementioned criminal charges.

7. That plaintiff's co-employee ANGELA TRIGG had on multiple occasions prior to July 10, 2006, made allegations and/or complaint to the LIRR of harassment, assault, sexual harassment and/or sexual assault against several other co-employees who worked at the LIRR.

8. That the various other LIRR employees against whom ANGELA TRIGG had made such allegations and/or complaints aforementioned each vehemently denied to the LIRR the truth of said allegations and/or complaints.

9. That by virtue of the multiple instances of allegations and complaints made by ANGELA TRIGG against her co-employees at the LIRR, the facts and circumstances attendant to each such occurrence, and by virtue of each such co-employee's denial of the same, on and prior to July 10, 2006 the LIRR, its agents, servants and employees knew, or in the exercise of

reasonable care should have known, that ANGELA TRIGG was a person of known vicious and malicious propensities.

10. On or about July 10, 2006, ANGELA TRIGG made allegations to the LIRR of harassment, assault, sexual harassment and/or sexual assault against the plaintiff, MELISSA STAMPF, which the LIRR knew, or should have known in the exercise of reasonable care were false.

11. On or about July 12, 2006 and based upon the allegations that ANGELA TRIGG made against MELISSA STAMPF, the LIRR did wrongfully and in violation of the applicable collective bargaining agreement, informally and/or unlawfully remove MELISSA STAMPF from service without pay while on the same date they did cause formal disciplinary charges to be brought against her.

12. That on or about July 12, 2006, while the plaintiff, as an employee of the defendant, was in the performance of her duties as an Engineer, she was caused to sustain severe and disabling injuries and/or emotional distress as a result of the intentional misconduct, negligence, carelessness, recklessness and/or deliberate indifference of the defendant LIRR in failing to provide her with a safe place to work in violation of the FELA as hereinafter set forth.

13. That the said incidents and resulting injuries and damages to the plaintiff were caused solely by reason of the intentional acts, negligence, carelessness, recklessness and/or deliberate indifference of the defendant, its agents, servants and/or employees in the performance of their duties; in failing to exercise due diligence; in failing to provide plaintiff with a safe place to work and a safe equipment with which to work; in failing to provide plaintiff with safe and/or properly trained co-employees; in failing to properly supervise its employees; in failing to protect plaintiff from harassment, sexual harassment, sexual assault and/ or a sexually hostile

work environment; in the negligent hiring and/or retention of its employees; in assigning plaintiff to work and/or a work environment which defendant knew was hostile; in subjecting plaintiff to excessive, abusive, inappropriate and disparate disciplinary sanctions; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant and its employees were negligent in the operation of the work of defendant's business; in that defendant and its employees failed to take proper precautions to prevent the happening of the incident; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

14. That the said injuries occurred while the plaintiff and the defendant were acting in furtherance of interstate commerce, or in work closely or substantially affecting the same.

15. That the plaintiff, MELISSA STAMPF, has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE MTA & LIRR**

16. The plaintiff, MELISSA STAMPF, repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 15 of this Complaint, inclusive, as though set forth at length herein.

17. The action herein arise under the Federal Employers' Liability Act, Title 45 U.S.C., Section 51, et seq., as hereinafter more fully appears.

18. At all times hereinafter mentioned, the defendant, MTA, was a Public Authority duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business herein.

19.  That at all times relevant herein the defendant, LIRR, was a public benefit corporation, a wholly owned subsidiary of the defendant, MTA, duly organized and existing by virtue of the laws of the State of New York.

20.  At all times hereinafter mentioned, the defendant, MTA, was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this Court and in various other states.

21.  On or about February 11, 2002, the United States Court of Appeals for the Second Circuit rendered a decision in the case of <u>Greene v. LIRR</u>, 280 F.3d 224 *cert denied* 538 U.S. 1031, 123 S.Ct. 2073, 155 L.Ed.2d (2003), which decision, inter alia, found that because of the MTA's ownership, involvement and financial intermingling with the LIRR, the MTA was a railroad engaged in interstate commerce for purposes of lawsuits brought under the aegis of the FELA against the MTA by MTA police officers whose job duties specifically related to the service of the MTA's wholly owned subsidiary railroad, the LIRR.

22.  That in accordance with the precedent set forth by <u>Greene v. LIRR</u>, Supra, for purposes of the FELA, MTA Police Officers are the co-employees, borrowed servants and/or fellow servants of LIRR employee's, inasmuch as and/or to the extent that they are both employed in the service the same railroad, the LIRR.

22a.  That on or about August 2, 2006 the defendant MTA employed the defendant JAMES SOKIRA as a police officer, under its directions, supervision and control, and in furtherance of its business in interstate commerce by rail.

22b.  That in course of his duties as a police officer employed by the MTA, the defendant JAMES SOKIRA, acted in furtherance of the business of the LIRR in interstate commerce by rail.

23. That on and prior to August 2, 2006, and at all times hereinafter mentioned, the defendants maintained and controlled certain railroad property, more specifically the West Side Yard, New York, New York, including its tracks, rails, switches, sidings, roadbeds, buildings, structures, offices, locker rooms and other such appurtenances thereto, over, through and upon which the defendants operated its engines, trains and cars under its direction and control.

24. On or about August 2, 2006 and while the plaintiff, MELISSA STAMPF was in the performance of her duties as an Engineer employed by the LIRR at the aforesaid location, and in full view of plaintiff's co-employees situated thereat, the MTA & LIRR, through its MTA Police Department, by JAMES SOKIRA and/or its agents, servants and/or employees, did negligently cause the wrongful arrest, public handcuffing, false imprisonment and malicious prosecution of the plaintiff MELISSA STAMPF, all in violation of the FELA.

25. That on or about the 2nd day of August, 2006, while the plaintiff, MELISSA STAMPF, was in the performance of her duties as an Engineer at or near the aforesaid location she was caused to sustain severe and disabling injuries and/or emotional distress by reason of the intentional acts, negligence, carelessness, recklessness and or deliberate indifference of the defendants as hereinafter set forth.

26. That the said indicent and resulting injury to the plaintiff was caused solely by reason of the intentional acts, negligence, carelessness, recklessness and/or deliberate indifference of the defendants, their agents, servants and/or employees in the performance of their duties; in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in having failed to provide the plaintiff with proper tools and equipment; in failing to warn plaintiff of the existence of the dangers involved in the performance of her duties as a Engineer; in that employees of the

defendant failed to take proper precautions to prevent the negligence, wrongful arrest, false imprisonment and malicious prosecution of the plaintiff MELISSA STAMPF; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct or the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

27.     That the said injuries occurred while the plaintiff and the defendants were acting in furtherance of interstate commerce, or in work closely or substantially affecting the same.

28.     That the plaintiff, MELISSA STAMPF, has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS..

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE LIRR

29.     The plaintiff, MELISSA STAMPF, repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 28 of this Complaint, inclusive, as though set forth at length herein.

30.     That on or about August 9, 2006, the defendant LIRR with full knowledge of the facts and circumstances underlying plaintiff's arrest and the pendency of criminal proceedings against MELISSA STAMPF, did cause MELISSA STAMPF to appear at a disciplinary hearing and did wrongfully attempt to coerce MELISSA STAMPF to give testimony in violation of the applicable collective bargaining agreement and plaintiff's assertion of her civil and constitutional rights as secured by the equal protection clause, the due process clause, and the fifth and fourteenth amendments to the United States Constitution, as well as the Constitution of the State of New York and the Charter of the City of New York.

31.  That on or about the 9th day of August, 2006, while the plaintiff, MELISSA STAMPF, was in the performance of her duties as an Engineer she was caused to sustain severe

and disabling injuries and/or emotional distress by reason of the intentional acts, negligence, carelessness, recklessness and or deliberate indifference of the defendants as hereinafter set forth.

32. That the said injuries to the plaintiff was caused solely by reason of the intentional acts, negligence, carelessness, recklessness and/or deliberate indifference of the defendants, their agents, servants and/or employees in the performance of their duties; in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in having failed to provide the plaintiff with proper tools and equipment; in failing to warn plaintiff of the existence of the dangers involved in the performance of her duties as a Engineer; in that employees of the defendant failed to take proper precautions to prevent their employee's negligent and/or coercive infringement upon plaintiff's civil and constitutional rights; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct or the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

33. That the said injuries occurred while the plaintiff and the defendants were acting in furtherance of interstate commerce, or in work closely or substantially affecting the same.

34. That the plaintiff, MELISSA STAMPF, has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

35. The plaintiff, MELISSA STAMPF, repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 34 of this Complaint, inclusive, as though set forth at length herein.

36. This action arises under the United States Constitution, particularly the Fourth, Fifth, and Fourteenth Amendments, as well as the due process and equal protection clauses to the Constitution of the United States, under federal law, particularly the Civil Rights Act, Title 42, of the United States Code, Section 1983, and under the Constitution and laws of the State of New York and the Charter, laws, rules and regulations of the City of New York.

36a.    At all times mentioned herein, the defendants, MTA & LIRR, were and still are governmental subdivisions of the Sate of New York, acting under color of law and subject to the statutes rules laws and ordinances enacted thereof.

36b.    At all times mentioned herein, the defendant, JAMES SOKIRA, was appointed, employed and acting under color of law as a police officer of the MTA and assigned to Pennsylvania Station, New York, NY.

37.     On August 2, 2006 while the plaintiff MELISSA STAMPF, was lawfully and peacefully at her place of employment, she was falsely placed under arrest, handcuffed in the open presence of the plaintiff's friends, acquaintances, co-employees and other such persons who had assembled on the scene, removed from the scene and taken into custody by the police, and  wrongfully detained at the MTA police department's Pennsylvania Station, NY, NY headquarters by the defendant JAMES SOKIRA against her will and/or without any explanation being provided for said arrest or the nature of any charges being brought against her.

38.     The plaintiff was brought to the MTA police department's Pennsylvania Station headquarters, where she was placed into a jail cell and held against her will for many hours, where she was handcuffed, in plain view of all persons thereat.  Despite the pleas of the plaintiff that she was innocent of the alleged charge(s), the plaintiff was arrested, handcuffed, processed, and held against her will for several hours, all to her embarrassment, shame and humiliation.

39. Without any warrant or probable cause therefore the defendants, individually and/or in concert with each other caused the plaintiff to be falsely arrested and wrongfully detained or imprisoned, being taken into custody at her place of employment and held at the MTA police department's Pennsylvania Station headquarters, NY, NY. The plaintiff's arrest was conducted in a physically, verbally and emotionally violent and abusive manner, during the course of which defendants, with deliberate indifference physically, emotionally and verbally assaulted, battered and abused the plaintiff; she was handcuffed in plain view of all persons thereat; and Defendants held plaintiff in their custody and restrained her of her liberty in so deliberately indifferent and abusive a manner such that plaintiff suffered from emotional distress, shame and humiliation.

40. Thereafter, defendants did maliciously cause plaintiff MELISSA STAMPF to be prosecuted requiring her retention of counsel, at her own financial cost, in defense of the charges wrongfully brought against her thereof. Plaintiff, MELISSA STAMPF, and her attorney(s) were compelled to appear in Court on several occasions in defense of the charges wrongfully prosecuted against her by the defendants. On or about December 27, 2006 the charges against the plaintiff, MELISSA STAMPF, were dismissed in her favor.

41. That as a result of the conduct of the defendants, the plaintiff, MELISSA STAMPF was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, loss of employment, loss of earnings, defamation of character, humiliation and mental anguish in her public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of her civil rights as secured by the Constitutions of the United States, the State and City of New York.

42. The conduct of the defendants deprived the plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

a. The right of plaintiff to be secure in her place of employment, person and effects against unreasonable search, seizure and arrest under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b. The right of plaintiff to be informed of the nature and cause of the accusation against her and to the assistance of legal counsel, secured to her under the Sixth and Fourteenth Amendments to the Constitution of the United States;

c. The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, secured by the Fifth and Fourteenth Amendment to the Constitution of the United States;

d. The right to be and remain free from the deliberate public and private humiliation inflicted upon her by the defendants and free from their verbal and emotionally abusive, cruel, inhuman and unusual punishment, secured by the due process clause of the Fourteenth Amendments to the Constitution of the United States.

e. The right to be kept free from the unwarranted verbal and emotional abuse and the physically and verbally assaultive misconduct of the defendants

f. The right to be kept free from false arrest, wrongful imprisonment and malicious prosecution.

43. As a result of the foregoing acts of the defendants, the plaintiff, MELISSA STAMPF, was damaged thereby in the sum of THREE MILLION ($3,000,000) DOLLARS.

44. The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, and maliciously, by reason of which

the plaintiff, MELISSA STAMPF, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

45. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 44, inclusive, with the same force and effect as if more fully set forth at length herein.

46. On August 2, 2006, defendants, individually and/or in concert with each other, arrested plaintiff, held her in custody and restrained her liberty in a manner that was abusive. This arrest was unlawful, in that no crime had been committed and in that there was no reason or cause for belief that plaintiff had committed any crime. In doing so all the acts and things aforesaid defendants, acted willfully and maliciously.

47. Because of this arrest and malicious prosecution of plaintiff by the defendants, plaintiff was subjected to great indignity and humiliation, pain, distress of mind and body, was prevented from attending to her usual business and was injured in her good name and reputation in the community.

48. As a result of the foregoing acts of the defendants, the plaintiff, MELISSA STAMPF was damaged thereby in the sum of THREE MILLION ($3,000,000) DOLLARS.

49. The acts, conduct and behavior of the defendants, were performed knowingly, intentionally, and maliciously, by reason of which the plaintiff, MELISSA STAMPF, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00).

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

50. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 50, inclusive, with the same force and effect as if more fully set forth at length herein.

51.     On August 2, 2006, without any warrant or probable cause therefore the defendants, individually and/or in concert with each other, falsely arrested, wrongfully imprisoned and maliciously prosecuted the plaintiff, taking her into custody at the MTA police departments Pennsylvania Station, NY, NY headquarters. The defendants, willfully and intentionally, verbally and emotionally abused and harassed the plaintiff without provocation and/or just cause.

52.     As a result of the defendants conduct, the plaintiff, MELISSA STAMPF was rendered severely and seriously sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future all to her damage.

53.     That the plaintiff, MELISSA STAMPF, was damaged thereby in a sum of THREE MILLION ($3,000,000.00) DOLLARS.

54.     The acts, conduct and behavior of the defendants were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, MELISSA STAMPF, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

55.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 54, inclusive, with the same force and effect as if more fully set forth at length herein.

56.     That the said violation of civil and constitutional rights, false arrest, malicious prosecution, abuse, defamation, negligent and intentional infliction of emotional distress and resulting injury to the plaintiff was caused solely by reason of the intentional acts, negligence, carelessness, recklessness and/or deliberate indifference of the defendants, their agents, servants

and employees in the performance of their duties; in falsely prosecuting criminal charges against the plaintiff; in failing to fully and properly investigate the facts and circumstances underlying the alleged events which served as the predicate for the arrest of the plaintiff, in failing to exercise due care and diligence; in failing to accept and/or listen to the plaintiff or to the plaintiff's rendition of events; in failing to follow established rules, regulations and procedures; in wrongfully arresting and detaining the plaintiff; in failing to take heed of the circumstances then and there prevailing; in conducting the aforesaid arrest and detention of plaintiff in a deliberately indifferent, physically violent and emotionally abusive manner; in humiliating and embarrassing the plaintiff before the public generally and her co-employees; in failing to advise the plaintiff of the reason for her arrest or the nature of the charges being brought against her; in causing the plaintiff economic hardship and loss of earnings; in denying the plaintiff the due process of law; in denying the plaintiff the equal protection of the law; in violating plaintiff's civil and Constitutional rights; in subjecting the plaintiff to cruel, inhuman and unusual punishment; in that the defendant failed to take proper precautions to prevent these occurrences; in failing to provide the plaintiff with safe and or properly trained employees; in failing to properly supervise its employees; in verbally and emotionally abusing the plaintiff;  in that the defendant and its employees were negligent; in wrongfully conspiring amongst all defendants in such a manner as to deprive plaintiff of her constitutional and civil rights in violation of the laws to the Untied States the State of New York and the City of New York; that defendants and their employees failed to take proper precautions to prevent the happening of the incident; in failing to protect the safety and emotional well being of the plaintiff prior to and once she was taken into custody; in treating plaintiff with deliberate indifference to her emotional well being despite her pleas, obvious distress and complaints; in failing to promulgate and enforce proper and safe rules and procedures; in that the defendants failed to take proper precautions to prevent the injuries

sustained by the plaintiff; in failing to protect the plaintiff from the abusive behavior of defendant's or their agents, servants and/or employees and the defendant was otherwise generally negligent under the circumstances.

57. As a result of defendant's agents, servants and/or employees conduct, the plaintiff, MELISSA STAMPF, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

58. As a result of all the foregoing acts of the defendants, the plaintiff, MELISSA STAMPF, was defamed, greatly humiliated and subjected to mental and bodily distress and loss of her good reputation.

59. That the plaintiff, MELISSA STAMPF, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

60. The acts, conduct and behavior of the defendants, were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, MELISSA STAMPF, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

61. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60, inclusive, with the same force and effect as if more fully set forth at length herein.

62. The actions of defendants, complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York Executive Law Section 290, et seq..

63. The plaintiff is a homosexual Asian female.

64. White heterosexual male employees subjected to similar claims and disciplinary proceedings as a result of allegations and/or complaints of inappropriate sexual misconduct, harassment, unwanted touching, made by defendant ANGELA TRIGG, were treated disparately and or differently by defendants in that they were not taken out of service without pay prior to the conduct of said disciplinary proceedings.

65. That by reason of the premises, the plaintiff, MELISSA STAMPF, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

66. That the plaintiff, MELISSA STAMPF, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

67. The acts, conduct and behavior of the defendants, were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, MELISSA STAMPF, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

68. Plaintiff, MELISSA STAMPF demands a permanent injunction enjoining defendants, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of her race, sex, sexual orientation so that she can thereby perform her essential job functions as a locomotive engineer.

69. Plaintiff, MELISSA STAMPF, demands an award of her reasonable attorney's fees.

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

70. The plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs 1 through 69, inclusive, with the same force and effect as if more fully set forth at length herein.

71.     The actions of defendants complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York City Human Rights Law, Administrative Code of New York, Section 8-101, et seq..

72.     That by reason of the premises set forth in this complaint, the plaintiff, MELISSA STAMPF, was severely and seriously physically and psychologically injured and as a result suffered pain, humiliation, lasting embarrassment, anxiety, mental anguish and will continue to suffer in the future, pain and injury; plaintiff has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

73.     That the plaintiff, MELISSA STAMPF, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

74.     The acts, conduct and behavior of the defendants were performed knowingly, intentionally, and maliciously, by reason of which plaintiff, MELISSA STAMPF, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

75.     Plaintiff, MELISSA STAMPF demands a  permanent injunction enjoining defendants, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of her race, sex, sexual orientation so that she can thereby perform her essential job functions as a locomotive engineer.

76.     Plaintiff, MELISSA STAMPF, demands an award of her reasonable attorney's fees.

WHEREFORE, plaintiffs demands judgment against the defendants, on the First Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS; on the Second Cause of

Action in a sum in of THREE MILLION ($3,000,000.00) DOLLARS; on the Third Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS; on the Fourth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS plus Punitive Damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS; on the Fifth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS plus Punitive Damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS; on the Sixth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS plus Punitive Damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS; on the Seventh Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS plus Punitive Damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS; on the Eighth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS plus Punitive Damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS and a permanent injunction enjoining defendants, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of race, sex or sexual orientation so that she can thereby perform her essential job functions as a locomotive engineer; and on the Ninth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS plus Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS and a permanent injunction enjoining defendants, its agents or employees from engaging in any practice shown to discriminate against plaintiff on the basis of race, sex or sexual orientation so that she can thereby perform her essential job functions as a locomotive engineer, together with the costs, disbursements and reasonably attorneys fees of this action.

Dated: Rockville Centre, New York
October 2, 2007

*Philip J. Dinhofer*
By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500