**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**MELISSA STAMPF,**

                    **Plaintiff,**

   **-against -**                                                        **ORDER**
                                                                   **07-CV-3349 (SMG)**

**LONG ISLAND RAILROAD CO., et al.,**

                    **Defendants.**
-------------------------------------------------------------X
**Gold, S., U.S.M.J.:**

      By letter dated October 16, 2009, defendants move for a protective order. Docket Entry 46. Defendants' motion concerns discovery sought by plaintiff regarding Edward Lee Jackson. Mr. Jackson, who is not a party to this action, was a witness to certain events that are in dispute. Plaintiff opposes defendants' motion by letter dated October 23, 2009. Docket Entry 47.

      Defendants' motion concerns two of plaintiff's discovery demands. Each is addressed below.

A.    *Communications Between Defendants' Counsel and Mr. Jackson*

      Defendants first seek a protective order with respect to documents reflecting communications between their counsel and Mr. Jackson. According to their letter, defendants assert that these communications are protected by the attorney-client privilege. Defendants have provided a privilege log listing the documents withheld on this basis. Plaintiff does not challenge the adequacy of defendants' privilege log or argue that the withheld documents do not contain the substance of communications between defendants' counsel and Mr. Jackson. Rather, plaintiff contends that, because Mr. Jackson is a non-party witness, "there is no attorney-client privilege between him and [defendants' counsel]."

Mr. Jackson's status as a non-party witness does not lead to the conclusion that his communications with defendants' counsel are not privileged. In *Upjohn Co. v. United States*, 449 U.S. 383 (1980), the Supreme Court observed that "[t]he first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant," and recognized that employees frequently "have the relevant information needed by corporate counsel . . to advise the client." *Id.* at 390-91. Thus, when a lawyer gathers relevant facts from employees with knowledge in order to provide legal advice to a corporate client, such as defendant Long Island Railroad, that communication is covered by the corporation's attorney-client privilege. *Id.* at 394-95.

Generally, the party asserting a privilege bears the burden of establishing its application. 6 MOORE'S FEDERAL PRACTICE § 26.49[1] (Matthew Bender 3d ed.). Defendants' letter does not demonstrate that each of the elements of the attorney-client privilege applies here. For example, defendants have not shown that the purpose of counsel's communications with Mr. Jackson was to obtain facts important to providing legal advice, or that it was intended that the communications would be kept confidential. However, plaintiff's only contention in opposition to defendants' motion is that counsel's communications with Mr. Jackson cannot be privileged because Mr. Jackson is not counsel's client. As discussed above, that contention is incorrect as a matter of well-settled law. Accordingly, defendants' motion for a protective order applicable to the documents reflecting counsel's communications with Mr. Jackson is granted.

B.      *Records Regarding Prior Litigation, Claims and Grievances*

Defendants next seek a protective order with respect to plaintiff's demand for "Edward Lee Jackson, II's complete claims, grievance, arbitration and litigation files and records for all

matters had between him and the LIRR," "all witness statements provided by Edward Lee Jackson, II to the defendants in all matters during his tenure of employment with the LIRR," and all transcripts or memoranda of any testimony given by Mr. Jackson in any proceeding. Defendants assert that the documents demanded by plaintiff total more than 1000 pages, including many pages of Mr. Jackson's medical records. Plaintiff's only explanation of their relevance is that prior grievances and arbitrations "may" provide evidence of bias or animus, and prior statements made by Mr. Jackson in connection with prior litigation or claims or grievances "may" be contradicted by other statements or records. Plaintiff offers no basis for these assertions, which appear to be nothing more than speculation.

>A court,
>
>[o]n motion or on its own, . . . must limit the frequency or extent of discovery . . . if it determines that: (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii). The burden of producing the discovery sought by plaintiff would be substantial in two respects. First, the volume of responsive material is large. Second, the nature of the material is such that its production would invade the privacy of Mr. Jackson, who is not a party to the action and finds himself enmeshed in it only because he happened to be present when certain events in dispute took place. In contrast, the importance of the discovery at issue to resolving the issues in the case is, at best, minimal. Plaintiff's contentions of relevance are entirely speculative; there is no specific reason to think that any of the discovery sought will in

fact reveal that Mr. Jackson is biased or lacks credibility. Accordingly, this aspect of defendant's motion is granted as well.

                                                  SO ORDERED.

                                                  /s/
                                           Steven M. Gold
                                           U. S. Magistrate Judge

October 27, 2009
Brooklyn, New York

U:\stampf 102709.wpd