UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELISSA STAMPF,

    Plaintiff,            MEMORANDUM
                       AND ORDER
  -against-               CV-07-3349 (SMG)

THE LONG ISLAND RAILROAD AUTHORITY
and ANGELA TRIGG,

    Defendants.
------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

    Plaintiff Melissa Stampf brings this action against defendants Long Island Railroad ("LIRR") and Angela Trigg. The procedural history and facts of the case are set forth in a Memorandum and Order I issued on June 14, 2010, granting in part and denying in part defendants' summary judgment motion, and denying plaintiff's cross-motion for summary judgment. Docket Entry 66. In short, plaintiff's claims arise out of events that took place on July 9, 2006. On that date, Stampf touched Trigg. According to Trigg, Stampf inappropriately grabbed and shook her breast. Stampf denies the charge.

    Two claims remain in the case. First, plaintiff asserts a malicious prosecution claim against Trigg, alleging that, on August 1, 2006, Trigg falsely claimed to the police that Stampf had grabbed her breast. Second, plaintiff brings claims against the Long Island Railroad for discrimination under state and local law. Plaintiff, an Asian gay woman, alleges that she received harsher treatment from the Long Island Railroad than Caucasian heterosexual males accused of comparable misconduct. More specifically, plaintiff asserts that two similarly situated white men were allowed to continue working after being accused of inappropriate sexual conduct and were ultimately offered five-day suspensions in return for acknowledging their misconduct.

In contrast, on July 12, 2006, three days after the incident, the Railroad suspended Trigg without pay for twenty days.

On September 12, 2008, an arbitration panel determined that Stampf had improperly grabbed Trigg's breast, but reduced the penalty imposed by the Railroad to an unpaid suspension of ten days. The panel's decision was based upon a review of the records of the LIRR's investigation. That investigation involved interviews conducted on the two days following the incident and formal testimony taken on July 25 and 26 and August 11, 2006. Defendants' Motion in Limine ("Def. Mot.") Exs. A and C, Docket Entry 72. Defendants now move for an order permitting them to introduce the arbitration decision at trial. Def. Mot. Presumably, defendants seek to offer the decision as evidence that Stampf improperly grabbed Trigg's breast.

Defendants properly point out that a federal district court may, in its discretion, admit an arbitrator's decision in evidence and accord it whatever weight it deems appropriate. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974). Having considered the arguments of the parties, the applicable case law, and the particular facts of this case, I conclude that admission is not warranted here for the following reasons.

First, when arbitration decisions are admitted in employment discrimination cases, they are typically offered as evidence that the motive for an adverse employment action was something other than discrimination. For example, in *Collins v. New York City Transit Auth.*, 305 F.3d 113 (2d Cir. 2002), the court held that an arbitrator's decision was properly considered as evidence in support of summary judgment, reasoning as follows:

> Where an employee's ultimate termination depends upon, and is allowed by, a decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing, the arbitration decision has probative weight regarding the

> requisite causal link between an employee's termination and the employer's illegal motive.

305 F.3d at 115. *See also Gallimore-Wright v. Long Island R.R. Co.*, 354 F. Supp. 2d 478, 491-93 (S.D.N.Y. 2005) (holding that arbitrator's finding that plaintiff engaged in the wrongdoing that defendant charged her with was probative with respect to whether plaintiff's termination was discriminatory or retaliatory). The essence of Stampf's claim here, in contrast, is not that the reason advanced by the LIRR for suspending her was a pretext for discrimination. Rather, Stampf contends that, even if she had grabbed Trigg's breast, the adverse employment consequence meted out – immediate suspension without pay and a twenty-day penalty, ultimately reduced by the arbitrator – was more severe than the sanctions imposed on similarly situated heterosexual white males. The arbitrator's finding that Stampf did grab Trigg's breast is therefore irrelevant to plaintiff's discrimination claim. In short, the adverse employment action challenged by Stampf took place before the arbitration hearing, and there is nothing about the arbitrator's finding that is probative with respect to the challenged aspect of defendant LIRR's motivation.

Second, because Stampf was facing criminal charges at the time the formal testimony was taken, she did not have a full opportunity to be heard. The degree of procedural fairness afforded the parties to an arbitration is an important factor when deciding whether to admit the arbitrator's decision as evidence at trial. *See, e.g., Alexander*, 415 U.S. at 60 n.21; *Tomasino v. Mount Sinai Med. Ctr.*, 2003 WL 1193726, at *12-13 (S.D.N.Y. 2003). Here, Stampf sought to adjourn the LIRR investigation until after the conclusion of her criminal case. Her request was denied. Defendants correctly point out that the LIRR was not required to adjourn the hearing. *See United*

*States v. Int'l Bhd. of Teamsters*, 247 F. 3d 370, 388 (2d Cir. 2001).  However, the question before me is not whether the investigation properly went forward while plaintiff's criminal case was pending, but whether the denial of an adjournment adversely affected the procedural fairness of the proceedings that ultimately led to the arbitration decision.

As a result of the LIRR's decision not to adjourn the investigation, Trigg testified but Stampf did not.  *See* Def. Mot. Ex. C at P817-18; Deposition of J.R. Brooks at 44 (Exhibit 2 to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine ("Pl. Opp."), Docket Entry 74); Defendants' Reply Memorandum at 4, Docket Entry 75 (noting that Trigg, Jackson and others, but not plaintiff, provided testimony at a hearing).  This is a particularly important factor in this case because the dispute over the events of July 9, 2006 essentially boils down to a credibility contest between Trigg and Stampf.  Moreover, it appears the Public Law Board that rendered the decision at issue held Stampf's decision not to testify against her.  In its findings, the Board states as follows:

> The Board also notes, importantly, that the Claimant refused to testify after being legally charged with [conduct unbecoming an employee].  In fact, the Claimant was asked to testify and stated: 'I can't.  I have been advised by my criminal attorney that I have a right by the Fifth Amendment which is anything I say can be used against me and until the criminal case is settled, I am not able to answer any questions.'  . . .  Claimant's failure to answer questions was at her own risk.  . . . [H]er inaction could easily be considered evidence of guilt and weighed against her.

Public Law Board decision at P2647 (Exhibit 1 to Pl. Opp.).

It is well-settled that, under appropriate circumstances, a finder in a civil matter may draw an adverse inference from invocation of the Fifth Amendment.  However, it seems to me to be unnecessarily harsh to hold plaintiff's exercise of her constitutional rights against her here, where

4

she sought an adjournment and her request was denied, where criminal charges were actually pending against her when she declined to testify, and where those charges were subsequently dismissed.  More significantly, and as indicated above, the decision of the Board was made without the benefit of plaintiff's testimony and rested in part upon an adverse inference from actions plaintiff was advised by counsel and virtually compelled by circumstances to take.

For all these reasons, defendants' motion for leave to introduce the arbitration decision in evidence at trial is denied.

**SO ORDERED.**

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**November 16, 2010**

U:\stampf mil 111210.wpd